**CAL CAULFIELD AND COMPANY, INC., Plaintiff,**

v.

**COLONIAL NURSING HOMES, INC.; Mission Lake Convalescent Center, Inc.; and Robert W. Walters, Defendants.**

**Civ. A. No. 85–2590.**

United States District Court,
D. Kansas.

Aug. 13, 1986.

John A. Holtmann, Overland Park, Kan., for plaintiff.

Jerold A. Bressel, Overland Park, Kan., Allen S. Russell, Rea & Russell, Kansas City, Mo., for defendants.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on defendants' motion to dismiss for lack of personal jurisdiction. For the reasons discussed below, defendants' motion will be denied.

This is an action for (1) breach of a written contract by defendants Colonial Nursing Homes, Inc., [hereinafter Colonial] and Mission Lake Convalescent Center, Inc., [hereinafter Mission Lake]; (2) unjust enrichment by Mission Lake; and (3) tortious interference with the contract by defendants Mission Lake and Robert W. Walters, President of Colonial. Plaintiff's complaint alleges that on May 7, 1982, plaintiff entered into a written contract with Colonial to procure and underwrite industrial revenue bonds for a nursing home project in Kansas City, Missouri.

When the existence of personal jurisdiction is controverted, plaintiff has the burden of proof to demonstrate jurisdiction. *Ammon v. Kaplow,* 468 F.Supp. 1304, 1309 (D.Kan.1979). Plaintiff, however, need only establish a prima facie case that the requirements for jurisdiction have been met. *Id.; Thermal Insulation Systems, Inc. v. Ark-Seal Corporation,* 508 F.Supp. 434, 437 (D.Kan.1980). The court may consider documentary evidence and weigh affidavits to determine whether such a showing has been made. *Ammon,* 468 F.Supp. at 1309. Factual doubts are to be resolved in favor of plaintiff. *Id.*

The facts concerning the existence of the written contract in this case are highly disputed. Defendants have attached an affidavit by Walters in which he claims that although he met with plaintiff several times to discuss the possibility of plaintiff underwriting and obtaining bond financing for the nursing home project, no contract was made. Eventually the bonds were issued, but through the services of another firm. Plaintiff disputes these facts and attaches an affidavit by Calvin Caulfield, President of the plaintiff Cal Caulfield and

Company, Inc. Plaintiff also attaches a copy of the alleged contract to its complaint. After considering the documentary evidence presented by both plaintiff and defendants, and resolving all factual doubts in favor of plaintiff, the court will decide this motion based on the following facts.

Defendant Walters is a resident of Missouri and both corporate defendants are Missouri corporations with their sole places of business in Missouri. Plaintiff is a Kansas corporation with its sole place of business located in Johnson County, Kansas. In the spring of 1982, Walters met with a Missouri architect to discuss the construction of a nursing home in Kansas City, Missouri. The architect offered to introduce Walters to Cal Caulfield to discuss the possibility of arranging industrial revenue bond financing. Walters met with Caulfield in plaintiff's Overland Park, Kansas, office and discussed the possibility of obtaining bond financing. No agreement, however, was reached at this time.

On May 7, 1982, Walters signed, on behalf of Colonial, the alleged contract in plaintiff's office in Kansas. The alleged contract provides that plaintiff would serve as financial advisor for a fee of three percent of the principal amount of bonds for a nursing home development in Kansas City, Missouri. Plaintiff was to purchase, or form a management group or purchasing syndicate that would purchase, ninety-five percent of these bonds. Plaintiff agreed to furnish assistance and advice in the performance of all steps relating to the issuance and delivery of the bonds, and agreed to work with the attorneys of defendants' choice in preparing and handling all the legal proceedings.

In December 1983, Mission Lake was incorporated to proceed with the nursing home project. Colonial assigned responsibility for the project to Mission Lake. On December 15, 1983, the Industrial Development Authority of the City of Kansas City, Missouri, passed a resolution issuing industrial development revenue bonds for construction of the project. Plaintiff claims that Mission Lake and Walters, with knowledge of the alleged written contract between plaintiff and Colonial, intentionally induced Colonial to breach the contract by forming Mission Lake Convalescent Center, Inc., for the purpose of transferring the development responsibility of the contemplated nursing home project to Mission Lake. This rendered performance of the alleged contract by Colonial impossible.

In determining whether personal jurisdiction exists in this case, the court must follow two steps of analysis. First, we must determine whether the defendants' conduct falls within the scope of one of the provisions of the Kansas long-arm statute. Second, the court must decide whether the exercise of jurisdiction comports with due process requirements. *Thermal Insulation Systems, Inc. v. Ark-Seal Corp.*, 508 F.Supp. 434, 436 (D.Kan.1980).

The long-arm statute, K.S.A. 60–308(b), provides in pertinent part:

> Any person, whether or not a citizen or resident of this state, who in person or through an agent or instrumentality does any of the acts hereinafter enumerated, thereby submits the person and, if an individual, the individual's personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of these acts:
>
> . . . .
>
> (2) commission of a tortious act within this state;
>
> . . . .
>
> (5) entering into an express or implied contract, by mail or otherwise, with a resident of this state to be performed in whole or in part by either party in this state.

Plaintiff alleges in its complaint that defendants Colonial and Mission Lake submitted to the jurisdiction of this court by engaging in acts set forth in subsection (b)(5) and that defendants Walters and Mission Lake submitted to the jurisdiction of this court by engaging in acts set forth in subsection (b)(2). Defendants appear to concede that if we resolve the factual dis-

putes in favor of plaintiff, defendants' conduct falls within the provisions of these subsections of the long-arm statute. We will therefore proceed to the next step of our analysis.

■ We must now consider whether the exercise of jurisdiction over defendants in this case comports with due process. The Supreme Court in *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 83 L.Ed.2d 528 (1985), recently reiterated the standards under which a court may assert jurisdiction over an out-of-state defendant. According to the Court, due process requires that persons be given "fair warning" that their conduct might subject them to suit in another jurisdiction. *Id.*, 105 S.Ct. at 2182. This fair warning requirement is satisfied if the defendant has "purposefully directed" his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities. *Id.* The Court specifically noted that, with respect to interstate contractual obligations, parties who reach out beyond one state and create continuing relationships and obligations with citizens of another state, are subject to sanctions and regulations in the other state for the consequences of their activities. *Id.*

■ Jurisdiction over a nonresident defendant, however, is not proper unless there is "some act by which the Defendant purposefully avails itself of the privilege of conducting activities within the forum state." *Id.*, 105 S.Ct. at 2183 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283 (1958)). Thus, where a defendant has created continuing obligations between himself and the residents of the forum state, he has availed himself of the privilege of conducting business there. *Id.*, 105 S.Ct. at 2184. The Court noted that a contract *alone* cannot automatically establish sufficient minimum contacts. *Id.*, 105 S.Ct. at 2185. A court must examine "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing" in determining whether a defendant has purposefully established minimum contacts within the forum. *Id.*, 105 S.Ct. at 2186.

■ Applying these factors to the case at bar, we hold that defendants Colonial and Mission Lake purposefully established minimum contacts within the state of Kansas so as to make themselves amenable to suit within the state of Kansas for breach of contract. The alleged contract in this action was executed by plaintiff and the defendant Colonial in Kansas. Colonial knew it was dealing with a Kansas investment firm whose principal and only place of business was in Kansas. Later, when Colonial assigned the nursing home project contemplated in the alleged contract to Mission Lake, the benefits and the burdens of the alleged contract were undertaken by Mission Lake. Looking at the terms of the alleged contract, we find that the contract had sufficient ties with Kansas so that we may conclude that defendants purposefully established minimum contacts within the state. Although the bonds were to be used to build a nursing home in Missouri, it is clear that much of the work to be performed by plaintiff was to take place at plaintiff's corporate headquarters in Kansas. Although the relationship between plaintiff and the defendants centered around only one contract, a continuing relationship formed between plaintiff and the defendants while plaintiff allegedly sought potential investors, including some Kansas investors, for the bonds. According to the terms of the alleged contract, plaintiff was to work with defendants on all steps relating to the issuance and delivery of the bonds. Clearly, this alleged agreement contemplated continuing contacts between plaintiff and the defendants.

We find that the same reasoning applies to plaintiff's claim of unjust enrichment against Mission Lake. By accepting and appropriating the benefits of plaintiff's services under the alleged contract, Mission Lake purposefully established minimum contacts within the state of Kansas.

Having decided that defendants Colonial and Mission Lake purposefully established minimum contacts within Kansas so as to be amenable to suit in Kansas for breach of contract and unjust enrichment, we must consider these contacts in light of other factors to determine whether the assertion of personal jurisdiction would comport with "fair play and substantial justice." *Id.* 105 S.Ct. at 2184 (quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 320, 66 S.Ct. 154, 160, 90 L.Ed. 95 (1945)). Where a defendant has purposefully directed his activities at forum residents, he must present a "compelling case" that these factors would render jurisdiction unreasonable. *Id.,* 105 S.Ct. at 2185. Defendants in this case have presented no facts showing that jurisdiction would be unreasonable. We therefore hold that assertion of personal jurisdiction over defendants Colonial and Mission Lake for the alleged breach of contract and over Mission Lake for unjust enrichment does not offend due process.

In a similar vein, we conclude that defendants Walters and Mission Lake have established sufficient minimum contacts with Kansas so as to make themselves amenable to suit in Kansas for tortious interference with the alleged contract. Based on plaintiff's version of the facts, we find that defendants Walters and Mission Lake purposefully directed their activities at plaintiff, a resident of Kansas, when they intentionally sought to interfere with the contract. Surely, defendants could foresee that their tortious acts would cause injury to a Kansas resident in Kansas and that they could anticipate being sued in Kansas for their conduct. The Supreme Court has consistently held that jurisdiction is proper where the "defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). Because defendants have presented no facts showing that personal jurisdiction would not comport with fair play and substantial justice, we hold that the asser-

tion of personal jurisdiction over Walters and Mission Lake for the alleged tortious interference with the claimed contract does not offend due process.

IT IS THEREFORE ORDERED that defendants' motion to dismiss for lack of personal jurisdiction is denied.