Donald C. SLAWSON, Plaintiff,

v.

Clifford N. HAIR, Jr., Bruce H. Whitehead, the Sequential Company, Ltd., and Giddy Up 'N' Go, Inc., Defendants.

No. 89–1106–C.

United States District Court, D. Kansas.

June 16, 1989.

1374

Robert L. Howard, Trisha A. Thelen, Foulston, Siefkin, Powers & Eberhardt, Wichita, Kan., for plaintiff.

Terry L. Unruh, Law Offices of Brian G. Grace, Wichita, Kan., Douglas R. Woodburn, Ronald D. Nickum, Amarillo, Tex., for defendants.

## MEMORANDUM AND ORDER

CROW, District Judge.

The case comes before the court on the motions to dismiss for lack of personal jurisdiction and, alternatively, to transfer venue brought by defendants Clifford N. Hair, Jr. and Bruce H. Whitehead, individually and as a partner of defendant Sequential Company, Ltd. (Sequential) and defendant Giddy Up 'N' Go, Inc. (Giddy Up). Plaintiff brings this diversity action alleging defendants breached several agreements and committed other tortious acts. Defendants' request for oral argument on their motions is denied, as it would not materially aid the resolution of the motions.

*Personal Jurisdiction*

In opposing a motion to dismiss filed before trial, the plaintiff has the burden of making a prima facie showing that statutory and due process requirements are satisfied so as to permit the court to exercise personal jurisdiction over the defendants. *Carrothers Const. Co. v. Quality Service & Supply*, 586 F.Supp. 134, 135–36 (D.Kan.1984). The parties may submit affidavits and other documentary evidence for the court's consideration. *Thermal Insulation Systems v. Ark–Seal Corp.*, 508 F.Supp. 434, 437 (D.Kan.1980). The court accepts allegations in the complaint as true to the extent they are uncontroverted by submitted affidavits. *Behagen v. Amateur Basketball Ass'n of U.S.A.*, 744 F.2d 731, 733 (10th Cir.1984), *cert. denied*, 471 U.S. 1010, 105 S.Ct. 1879, 85 L.Ed.2d 171 (1985). When conflicting affidavits are presented, factual disputes are resolved in plaintiff's favor, and the plaintiff's prima facie case may then survive the defen-

dant's motion. *Behagen*, 744 F.2d at 733. Plaintiff is also entitled to the benefit of any factual doubts. *Ammon v. Kaplow*, 468 F.Supp. 1304, 1309 (D.Kan.1979).

Applying these precepts, the court considers the following facts to be relevant to and controlling of defendants' motions. Plaintiff, Donald C. Slawson, a resident of Wichita, Kansas, is engaged in the oil and gas business with his principal place of business also in Wichita. Defendant, Clifford N. Hair, Jr., is a resident of Texas and worked for plaintiff as a division landman in the Amarillo, Texas, office from December 1983 until his resignation in December of 1988. Defendant, Bruce H. Whitehead, is a resident of Texas and a partner in Sequential and the majority stockholder and president of Giddy Up. Defendant Sequential is a limited partnership organized under the Texas law and is a passive investor in oil and gas wells. Defendant Giddy Up is a corporation organized under Texas law and is in the business of renting or chartering its planes for private use.

As an employee with plaintiff, Hair entered into a contractual relationship with plaintiff whereby he performed certain services and received compensation for them. Besides a salary, Hair's compensation included income from overriding royalty interests in Slawson wells drilled by the Amarillo division. The agreement setting forth Hair's entitlement to overriding royalty interests also provides that Kansas law would govern its construction and interpretation. Hair also received an overriding royalty interest in several Kansas wells because of this agreement. Hair's paycheck was drawn on plaintiff's payroll account in Wichita, Kansas, and after November 1, 1988, Hair's royalty checks were also drawn on plaintiff's account in Wichita. All accounting records in these regards, as well as Hair's personnel files, are maintained in the Wichita office. During his employment Hair had routine telephone contact with the Kansas office and traveled to Kansas on several occasions for administrative duties and to present possible business deals to investors. Personnel in plaintiff's Amarillo office are directly supervised by numerous employees in plaintiff's home office in Wichita. Mr. Bill Wohlford of Wichita was Hair's immediate supervisor.

Sequential entered into a participation agreement with plaintiff on or about November 31, 1987, and did not disclose that Hair was a general partner. Plaintiff alleges that Hair, as Slawson's sole representative, negotiated the agreement with Sequential. All income checks paid to Sequential because of this agreement are prepared and processed in Wichita and all records on these transactions are also maintained there. On all Slawson wells, the accounting records on drilling and operating costs and other geological information are kept in Wichita.

As a partner in Sequential, defendant Whitehead has working interests in several oil and gas wells located in Kansas.

Hair engaged the airplane travel services of Giddy Up for the benefit of Slawson, plaintiff's employees and allegedly for his own personal use. In each instance, Hair charged these expenses to Slawson. Giddy Up received payment from an account managed by plaintiff's Wichita office. Defendant Giddy Up's plane flew to Kansas on at least nineteen occasions for the purpose of transporting Slawson personnel.

The damages alleged to have resulted from defendant's misconduct were sustained at Slawson's principal place of business in Wichita, Kansas.

The federal court in a diversity action determines whether personal jurisdiction over a nonresident defendant is obtainable under the law of the forum state. *Rambo v. American Southern Ins. Co.*, 839 F.2d 1415, 1416 (10th Cir.1988). The issue of personal jurisdiction is determined from a two-step analysis. First, the court assesses whether the defendants' conduct falls within one of the provisions of the Kansas long-arm statute, K.S.A. 60–308(b). Second, it is decided whether the exercise of jurisdiction comports with due process requirements. *Cal. Caufield and Co. v. Colonial Nursing Homes*, 642 F.Supp. 777, 779 (D.Kan.1986); *Thermal Insulation*, 508 F.Supp. at 436.

The provisions of the Kansas Long–Arm Statute, K.S.A. 60–308(b), relied upon by plaintiff are (b)(1), (b)(2), and (b)(5), which state:

Any person, whether or not a citizen or resident of this state, who in person or through an agent or instrumentality does any of the acts hereinafter enumerated, thereby submits the person and, if an individual, the individual's personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of these acts:

(1) Transaction of any business within this state;

(2) commission of a tortious act within this state;

. . . .

(5) entering into an express or implied contract, by mail or otherwise, with a resident of this state to be performed in whole or in part by either party in this state . . . .

The long-arm statute is liberally construed to permit the exercise of jurisdiction over nonresident defendants to the extent allowed by the due process clause of the Fourteenth Amendment. *Schlatter v. Mo-Comm. Futures Ltd.*, 233 Kan. 324, 329, 662 P.2d 553 (1983).

■ The Kansas Legislature added subsection (b)(5) to K.S.A. 60–308 in an obvious effort to broaden the scope of personal jurisdiction to include those instances where defendants have had no physical presence in Kansas. *Green Country Crude, Inc. v. Avant Petroleum, Inc.*, 648 F.Supp. 1443, 1449 (D.Kan.1986). *See Rosedale State Bank & Trust Co. v. Stringer*, 2 Kan.App.2d 331, 333, 579 P.2d 158 (1978). Sometimes termed the "single act statute," this provision allows the exercise of personal jurisdiction over a nonresident when the only ground is a contract with a resident to be performed in the forum. *Pedi Bares, Inc. v. P & C Food Markets, Inc.*, 567 F.2d 933, 935 (10th Cir. 1977). As to what may constitute part performance of a contract within the forum, courts have been satisfied with merely the nonresident's payment of funds to

the resident's offices within the forum. *Continental American Corp. v. Camera Controls Corp.*, 692 F.2d 1309, 1312 (10th Cir.1982); *Federal Deposit Ins. Corp. v. Culver*, 640 F.Supp. 725, 727 (D.Kan.1986). Not surprisingly, part performance within the forum also has been recognized when the resident has paid funds to the nonresident. *Halstead Hosp., Inc. v. Northern Bank Note Co.*, 680 F.2d 1307, 1309 (10th Cir.1982); *Carrothers Const. Co.*, 586 F.Supp. at 136; *Equifax Services, Inc., et al. v. Hitz*, No. 89–2047–S, 1989 WL 35965 (D.Kan. Mar. 8, 1989).

As shown by the facts previously summarized, a contractual relationship existed between plaintiff and each of the defendants, and performance upon all of the contracts was partially accomplished in Kansas. Under the contracts, each of the defendants were paid out of the plaintiff's Wichita office and records relevant to those agreements and transactions were also maintained in the Wichita office. In addition, defendant Hair received overriding royalty income from oil and gas leases in Kansas, and defendant Sequential had an interest in four Kansas wells. Plaintiff has presented a prima facie case of personal jurisdiction under K.S.A. 60–308(b)(5).

From the premise that the "tortious act" is not complete until the injury has occurred, the Kansas Supreme Court has reasoned that "under the provisions of K.S.A. 60–308(b)(2), it is possible to bring suit in Kansas to recover damages for injuries occurring in this state which resulted from negligent conduct outside the state." *Ling v. Jan's Liquors*, 237 Kan. 629, 633, 703 P.2d 731 (1985). Plaintiff is the victim harmed by the wrongful misappropriation of confidential documents and by the fraudulent mischarging for services. With the present case being no exception, the equities involved in exercising personal jurisdiction rarely favor the tortfeasor when the victim brings suit in his own forum for injuries suffered there. Because the court also finds a prima facie showing under K.S.A. 60–308(b)(2), the court considers it unnecessary to address whether the transaction of business is an additional ground

for personal jurisdiction, K.S.A. 60–308(b)(1). *See generally Source Associates, Inc. v. Suncast Group,* 709 F.Supp. 1023, 1025 n. 1 (D.Kan.1989).

■ The exercise of personal jurisdiction over a nonresident defendant is within the requirements of due process, if he has certain "minimum contacts" with that forum such that the prosecution of the suit "does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278 (1940)). The Supreme Court in *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), recently reiterated the principles that make up the components to this fundamental rule of constitutional law. To have minimum contacts, the defendant must have a fair warning of being subject to jurisdiction—that is, the defendant's activities are "purposefully directed" at residents of the forum and the litigation arises from or relates to those activities. 471 U.S. at 472, 105 S.Ct. at 2182. In regards to contractual relations between citizens of different states, the Supreme Court has "emphasized that parties who 'reach out beyond one state and create continuing relationships and obligations with citizens of another state' are subject to regulation and sanctions in the other state for the consequences of their activities." *Burger King* 471 U.S. at 473, 105 S.Ct. at 2182 (quoting *Travelers Health Assn. v. Virginia,* 339 U.S. 643, 647, 70 S.Ct. 927, 929, 94 L.Ed. 1154 (1950) and citing *McGee v. International Life Insurance Co.,* 355 U.S. 220, 222–23, 78 S.Ct. 199, 200–01, 2 L.Ed.2d 223 (1957)). The State has a "manifest interest" in providing its citizens an accessible and convenient forum for redress. *Burger King,* 471 U.S. at 473, 105 S.Ct. at 2182. While it would be unfair for those benefiting from interstate activities to escape liability for the results of their actions, it is not unfair to impose on the interstate actors the burdens of litigating in other forums in light of the modern means of transportation and communication. 471 U.S. at 474, 105 S.Ct. at 2183.

Another aspect of "minimum contacts" is foreseeability, expressed as "'that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.'" *Id* (quoting *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 295, 100 S.Ct. 559, 566, 62 L.Ed.2d 490 (1980)). In making this determination, courts have assessed whether the "defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." 471 U.S. at 475, 105 S.Ct. at 2183 (quoting *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958)). This requirement ensures that jurisdiction is based upon contacts that are "substantial," rather than "random," "fortuitous," or "attenuated." *Id.* The absence of physical contacts will not defeat personal jurisdiction, if the defendant has purposefully directed its activities toward residents of the forum. 471 U.S. at 476, 105 S.Ct. at 2184.

■ A nonresident's contract with a resident alone cannot automatically provide the necessary minimum contacts. *Burger King,* 471 U.S. at 478, 105 S.Ct. at 2185. Approaching the issue from a realistic angle, the Court has focused on the factors: "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing...." 471 U.S. at 479, 105 S.Ct. at 2185.

Based upon the previously stated facts, the court finds defendants have purposefully established minimum contacts to this forum. Defendants entered into contracts with a Kansas resident knowing the performance would partly be accomplished in Kansas over a sustained period of time. Defendants eventually acquired certain interests in Kansas wells. The agreement concerning defendant Hair's overriding royalty interest also contains a Kansas choice-of-law provision. This provision alone does not create personal jurisdiction, but its presence reinforces the conclusion that Hair affiliated himself to this forum

and foresaw the possibility of litigation here. *See Burger King,* 471 U.S. at 482, 105 S.Ct. at 2187. It is presumptively reasonable that defendants had foreseen that their breach of agreements and commission of tortious acts would subject them to suit in Kansas.

After finding that defendant purposefully established minimum contacts with the forum, the court evaluates those contacts in light of other factors and thereby determines whether the exercise of personal jurisdiction comports with the notions of "fair play and substantial justice." *Burger King,* 471 U.S. at 476, 105 S.Ct. at 2184 (quoting *International Shoe,* 326 U.S. at 320, 66 S.Ct. at 160). These other factors include:

"The burden on the defendant," "the forum state's interest in adjudicating the dispute," "the plaintiff's interest in obtaining convenient and effective relief," "the interstate judicial system's interest in obtaining the most efficient resolution of controversies," and the "shared interest of the several States in furthering fundamental social policies." *World–Wide Volkswagen Corp v. Woodson,* 444 U.S. at 292, 62 L.Ed.2d 490, 100 S.Ct. 559 [564].

*Burger King,* 471 U.S. at 477, 105 S.Ct. at 2184. These factors may bolster the reasonableness of exercising jurisdiction where the showing of minimum contacts is questionable.

These other factors for the most part favor the exercise of personal jurisdiction. Kansas has a clear interest in adjudicating disputes involving a Kansas resident and also involving Kansas law on some or many of the issues. Plaintiff also has a compelling interest in obtaining effective relief in a convenient forum, particularly where the plaintiff is the alleged victim of tortious activity. For all these reasons, the court finds that the exercise of personal jurisdiction over defendants comports with due process.

*VENUE*

■ The party seeking a transfer of venue has the burden of showing that the transfer, under the terms of 28 U.S.C. § 1404(a), is for "convenience of the parties and witnesses" and is "in the interest of justice." *Wm. A. Smith Contracting Co. v. Travelers Indemnity Co.,* 467 F.2d 662, 664 (10th Cir.1972). Before plaintiff's choice of forum will be disturbed, the balance of relevant factors must *heavily* favor the defendants. *Id.*

■ It would appear a transfer of this case to the Northern District of Texas would result in only a shift of inconveniences to plaintiff. Plaintiff has properly specified a number of relevant witnesses in Kansas and has adequately shown many of the material records and documents to be located in plaintiff's Wichita office. The court has no evidentiary basis before it for concluding that defendants' witnesses would not be willing to travel to Kansas to testify at trial. The fact that plaintiff may have an office in Amarillo does not significantly alter the balance of factors, since the convenience and accessibility of travel is also available to defendants through their air service. For these reasons, defendants' motion to transfer is denied.

IT IS THEREFORE ORDERED that defendants' motions to dismiss for lack of personal jurisdiction and alternative motions to transfer are denied.