39 F.3d 1191
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 DAY ADVERTISING, INC., a Kansas corporation, Plaintiff-Appellee,
v.
William R. PARKER, individually, and dba Bill Parker &
Associates, Defendants-Appellants.
 No. 93-3404.
 United States Court of Appeals, Tenth Circuit.
 Nov. 1, 1994.
 
 1
 Before MOORE and ANDERSON, Circuit Judges, and BRIMMER,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff, a Kansas resident, commenced this diversity suit against defendants, Georgia residents, pursuant to the Kansas long arm statute, Kan. Stat. Ann. 60-308 (Supp.1993), alleging breach of contract. Plaintiff claimed defendants, an attorney and his law firm, owed an unpaid indebtedness for plaintiff's placement of yellow page advertisements for them in various Georgia telephone directories. Defendants filed a motion to dismiss for lack of personal jurisdiction under Fed.R.Civ.P. 12(b)(2). The district court denied the motion to dismiss, and held a jury trial on the breach of contract issue. After defendants presented their case, plaintiff requested leave to reopen its case to present evidence supporting its request for attorney's fees. The district court granted the request. The jury found in favor of plaintiff and awarded plaintiff damages for breach of contract and attorney's fees and interest. Defendants appealed. They argue (1) because plaintiff failed to file a timely response to their motion to dismiss, the district court erred in failing to grant the motion; (2) the district court lacked personal jurisdiction over defendants; (3) the district court abused its discretion when it commented on the evidence and limited defendants' right to cross-examine plaintiff's witnesses; and (4) the district court erred in permitting plaintiff to reopen its case and in instructing the jury on attorney's fees. We affirm.
 
 
 4
 Defendants first argue that the district court should have dismissed this action because plaintiff did not file a timely response to their motion to dismiss, move for an extension of time to file a response, or establish excusable neglect for filing an untimely response. Accordingly, defendants believe plaintiff waived its right to respond to and contest the motion to dismiss. Although Kan. R. 206(b) provides that the nonmovant has twenty days to respond to a motion to dismiss, plaintiff's response was filed well beyond the twenty days. Subsection (g) of Rule 206 provides that the failure to file a timely response constitutes a waiver of the right to file a response, except upon a showing of excusable neglect, and the motion will be decided as an uncontested motion and will ordinarily be granted. The district court permitted the late filing of plaintiff's response finding excusable neglect due to confusion over defendants' compliance with the local rule requirements for associating with local counsel. The district court also permitted plaintiff to file an amended complaint to allege with particularity the basis for personal jurisdiction. After plaintiff filed an amended complaint, the district court denied the motion to dismiss as moot. Defendants argue that the permitted filing of the amended complaint allowed circumvention of the local rules.
 
 
 5
 Upon consideration of the briefs, record, and appendices on appeal, we conclude the district court did not abuse its discretion in finding excusable neglect and in permitting the late filing of the response to the motion to dismiss. See Miller v. Department of Treasury, 934 F.2d 1161, 1162 (10th Cir.1991), cert. denied, 112 S.Ct. 1215 (1992); Hancock v. City of Okla. City, 857 F.2d 1394, 1395 (10th Cir.1988); see also Kan. R. 101 (rules subject to modification as necessary to avoid injustice).
 
 
 6
 Defendants next argue that the district court lacked personal jurisdiction over them because defendant William R. Parker never entered Kansas and defendants never conducted business in Kansas, never solicited business from any Kansas entity, and never availed themselves of any Kansas laws. We review the district court's determination of personal jurisdiction de novo. Williams v. Bowman Livestock Equip. Co., 927 F.2d 1128, 1130 (10th Cir.1991). Jurisdiction of the district court over a nonresident defendant in a suit based on diversity is determined by the law of the forum state. Fed.R.Civ.P. 4(e); Rambo v. American S. Ins. Co., 839 F.2d 1415, 1416 (10th Cir.1988). "The proper inquiry is, therefore, whether the exercise of jurisdiction is sanctioned by the long-arm statute of the forum state and comports with due process requirements of the Constitution." Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop., 17 F.3d 1302, 1304-05 (10th Cir.1994).
 
 
 7
 The Kansas long arm statute is liberally construed to allow jurisdiction to the full extent permitted by due process. Id. at 1305. The relevant portion of the statute, 60-308(b)(5), extends jurisdiction to causes of action arising from "entering into an express or implied contract, by mail or otherwise, with a resident of this state to be performed in whole or in part by either party in this state."
 
 
 8
 The due process requirements are satisfied when personal jurisdiction is asserted over nonresident defendants who have " 'minimum contacts' " with the forum state. Williams, 927 F.2d at 1131 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985)). The defendants' contacts must be evaluated to determine whether they have sufficient contacts with the forum state to have availed themselves of the privilege of conducting business in the forum state. Id. The ties or contacts must be the result of the defendants' own purposeful activity. Helitzer v. Helitzer, 761 F.2d 582, 585 (10th Cir.1985); see Doe v. National Medical Servs., 974 F.2d 143, 145 (10th Cir.1992)(contacts must be established by defendants).
 
 
 9
 Jurisdiction may not be avoided merely because the defendants were not physically present in the forum. Burger King, 471 U.S. at 476. Partial performance of the contract in the forum is enough for jurisdiction over the defendants. Slawson v. Hair, 716 F.Supp. 1373, 1376 (D. Kan.1989). Partial performance is satisfied by the nonresidents' merely paying money to the resident within the forum. Id.
 
 
 10
 The evidence shows that plaintiff partially performed the contract in Kansas. Although defendants initially prepared the ads in Georgia, they were finalized by plaintiff in Kansas and returned to defendants for approval. Defendants sent payments to Kansas for plaintiff's performance of the contract. Defendants do not dispute that plaintiff performed part of its services in Kansas. Rather, defendants contend their contacts were with Bob Jordon, a Georgia resident, who then contacted and made advertising arrangements for defendants with plaintiff. James C. Day, plaintiff's president, however, testified at trial that he contacted Mr. Parker personally when Mr. Parker was dissatisfied with some initial yellow page ads. At that time, plaintiff started taking ads directly from defendants, and Mr. Jordon was no longer involved in the advertising arrangements. There was evidence of both written and telephone communication directly between the parties.
 
 
 11
 Defendants' contacts satisfy the requirements of the Kansas long arm statute and due process. Defendants' conduct and connections with Kansas are enough that they could expect to be sued there. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). Under the circumstances of this case, the exercise of personal jurisdiction was fair and just. See Federated Rural Elec. Ins., 17 F.3d at 1305. We conclude the district court correctly determined it had personal jurisdiction over defendants.
 
 
 12
 Defendants next argue that the district court abused its discretion in limiting cross-examination of plaintiff's witnesses on invoices introduced into evidence, for which plaintiff sought payment, and on the defects in the ads represented by the invoices. Also, defendants argue that the district court improperly commented on the weight of the evidence when it limited cross-examination.
 
 
 13
 The district court limited cross-examination because defendants were attempting to present their case during cross-examination by testifying and asking questions beyond the scope of direct. The district court may prevent cross-examination when it exceeds the scope of direct examination. Higgins v. Martin Marietta Corp., 752 F.2d 492, 498 (10th Cir.1985); Fed.R.Evid. 611(b); see also United States v. Wolfson, 573 F.2d 216, 223 (5th Cir.1978)(scope of direct relates to matters examined upon, not specific exhibits introduced on direct examination). After examination of the briefs and appendices on appeal, we conclude the district court did not abuse its discretion in limiting the scope of cross-examination. See United States v. Jones, 913 F.2d 1552, 1564 (11th Cir.1990). Additionally, we conclude that the district court did not improperly comment on the weight of the evidence when it limited cross-examination.
 
 
 14
 Defendants finally argue that the district court abused its discretion in reopening plaintiff's case to permit plaintiff to present evidence supporting its request for attorney's fees. Even if the district court did not abuse its discretion in reopening, defendants argue that plaintiff did not prove entitlement to attorney's fees and, therefore, the district court erred in instructing the jury on attorney's fees.
 
 
 15
 The district court permitted reopening because the courtroom deputy miscommunicated the appropriate time for plaintiff to present its attorney's fees evidence. Whether to grant a motion to reopen to submit additional proof is within the district court's sound discretion. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 331 (1971). Defendants make no showing of an abuse of discretion, and after examining the appendices on appeal, we conclude there was no abuse.
 
 
 16
 In Kansas, attorney's fees are allowed by agreement of the parties. Schuh v. Educational Reading Servs. of Kan., Inc., 626 P.2d 1219, 1220 (Kan. Ct.App.1981). The jury determined that the parties had entered into a contract and had agreed by their contract for an award of attorney's fees. Although Mr. Parker did not sign the contract proposed by plaintiff, the jury apparently believed that the unsigned contract set forth the terms of the parties' agreement. Defendants fail to present evidence to the contrary.
 
 
 17
 Although, as the district court recognized, plaintiff's evidence concerning attorney's fees was "thin," defendants did not contemporaneously object to the evidence or question the reasonableness of the award. We conclude the evidence was sufficient to uphold the jury's award of attorney's fees.
 
 
 18
 The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 **
 Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470