**Pauline BERUBE, Individual, Pauline Berube, Trustee for Christopher Berube, Christopher Berube, Individual, Edward Berube, Individual**

v.

**Atty. John W. BRISTER, and the Law Firm of Parker, Coulter, Daley and White, et al.**

**Civ. A. No. 91–0020 P.**

United States District Court, D. Rhode Island.

Jan. 6, 1992.

Edward Berube, Pauline Berube, Christopher Berube, pro se.

Joseph F. Penza, Jr., Olenn & Penza, Warwick, R.I., for defendant.

ORDER

PETTINE, Senior District Judge.

The Revised Report and Recommendation of United States Magistrate Judge Timothy Boudewyns on November 26, 1991 in the above-captioned matter is accepted pursuant to Title 28 United States Code § 636(b)(1).

REVISED REPORT AND RECOMMENDATION

TIMOTHY M. BOUDEWYNS, United States Magistrate Judge.

This matter has been referred to me for consideration pursuant to 28 U.S.C. § 636(b)(1)(A) or (B).

---

Before the Court is defendant law firm of Parker, Coulter, Daley and White's (Parker, Coulter) motion for summary judgment[1] and defendants' Parker, Coulter and John W. Brister (Brister) motion to dismiss for lack of proper venue. *Pro se* plaintiff Pauline Berube, *et al.* (Berube) have opposed both motions. A hearing was held on the motions and plaintiffs were permitted to file additional materials. After considering the pleadings, argument by the parties and the court file, and for the following reasons, I recommend that both motions be granted.

## Facts

The instant legal malpractice cause of action was commenced on or about January 14, 1991. The underlying cause of action which serves as the basis for the plaintiffs' claim that the defendants committed malpractice, on and after January 1985, was a case that was commenced and tried in the Norfolk County Superior Court for the Commonwealth of Massachusets. That case involved a claim against Allstate Insurance Company for its alleged failure to pay a fire loss on the plaintiffs' home located in Westport, Massachusetts. Parker, Coulter is a partnership organized and existing under the laws of the state of Massachusetts. All of the general partners of Parker, Coulter are residents of the state of Massachusetts. John W. Brister is a resident of the state of Massachusetts.

## Issues

Whether this Court is the proper venue[2] to determine this matter and whether a Massachusetts partnership is subject to suit in this forum.

## Discussion

Summary judgment is appropriate when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law."[3] Once the movant avers "an absence of evidence to support the non-moving party's case,"[4] the latter must adduce specific facts establishing the existence of at least one issue that is both "genuine" and "material." The mere existence of a factual dispute, of course, is not enough to defeat summary judgment. The evidence relied upon must be "significantly probative" of specific facts,[5] and "material" in the sense that the dispute over them necessarily "affect[s] the outcome of the suit."[6] In other words, the party opposing summary judgment must demonstrate that there are *bona fide* factual issues which "need to be resolved before the related legal issues can be decided."[7]

The court's function in ruling on a motion for summary judgment is to determine whether or not such a genuine issue exists, and not to resolve such existing factual issues.[8] If after reviewing the material presented the "court finds that *some* genuine factual issue remains in the case, whose resolution one way or another *could* affect its outcome, the court must deny the motion."[9]

1. While the Court had been advised that a stipulated agreement would be submitted resolving this issue none has been received. The motion will be acted upon as originally filed. In addition, plaintiffs have been allowed to amend their complaint to add, by name, all general partners of Parker, Coulter. The recommended disposition of this action because of its improper venue applies to *all* named defendants.

2. This question appears to be one of first impression for this Court.

3. Fed.R.Civ.P. 56(c).

4. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).

5. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

6. *Id.* at 248, 106 S.Ct. at 2510.

7. *Mack v. Great Atlantic and Pacific Tea Co.*, 871 F.2d 179, 181 (1st Cir.1989); *Local No. 48, United Brotherhood of Carpenters and Joiners v. United Brotherhood of Carpenters and Joiners*, 920 F.2d 1047, 1050 (1st Cir.1990).

8. *United States v. Diebold, Inc.*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Anderson, supra*, 477 U.S. at 249–50, 106 S.Ct. at 2510–11; *see also, Local 48, supra* at 1050–51; *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 48 (1st Cir.1990).

9. *Lipsett v. University of Puerto Rico*, 864 F.2d 881, 895 (1st Cir.1988).

*Venue*

In an effort to ease the caseload on federal district courts, the Federal Court's Study Committee proposed various changes to the venue statute.[10] The new statute enacted by Congress, however, seems to have only restricted venue in the very limited circumstances represented by the instant case. In most questionable venue circumstances the new statute actually appears to have liberalized the venue requirements.[11] The new statute is applicable to all cases filed on or after December 1, 1990. The case at bar was filed in January of 1991. The amended language of § 1391(a) states:

(a) A civil action wherein jurisdiction is founded only on diversity of citizenship *may*, except as otherwise provided by law, *be brought only in:*

(1)—A judicial district where any defendant resides, if all defendants reside in the same state,

(2)—A judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or

(3)—A judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced. (emphasis added).

None of the three pre-conditions set forth in § 1391(a) are applicable to the facts in this case. Brister, as well as all of the other partners of Parker, Coulter, are residents of the state of Massachusetts. *All of the events giving rise to the claim* occurred in the state of Massachusetts. Finally, none of the defendants are subject to personal jurisdiction in the state of Rhode Island.[12]

And see, *D'Ull v. Kildeer Leasing Inc.,* No. 91 CIV. 4515 (CES), September 27, 1991, 1991 WL 206281 (S.D.N.Y.):

As a threshold issue we must determine whether the Southern District of New York is a proper venue for this action under 28 U.S.C. section 1391. To decide whether venue is proper we must determine whether "a substantial part of the events or omissions giving rise to the claim" occurred in this jurisdiction. 28 U.S.C. § 1391(a)(2).

In 1990 section 1391 was amended. Prior to this amendment venue was proper in the district or division in which the claim arose. Under the old language of the statute, only one jurisdiction could be the venue in which the claim arose, except in very limited circumstances. The new language of section 1391(a)(2) makes venue proper in any jurisdiction in which substantial parts of the events giving rise to the claim occurred. 28 U.S.C. § 1391(a)(2). Proper venue may now lie in any number of districts. *The new language of section 1391(a)(2) eliminates many of the venue defenses* previously relied upon by defendants. (citation omitted) (emphasis added).

10. 28 U.S.C. § 1391. See, *Commentary on 1990 revision of subdivisions (a), (b), and (e)* by David D. Siegel, Title 28 U.S.C.A. § 1391, 1991 Cumulative Annual Pocket Part, at pp. 3–9.

11. *General Latex and Chemical Corp. (of N.C.) v. Phoenix Medical Technology, Inc.,* 765 F.Supp. 1246 at 1250–1251 (W.D.N.C.1991):

Prior to the amendment, venue was proper in any district in which all plaintiffs or defendants resided, or "in which the claim arose". *The amendment to the statute is designed to increase the number of districts in which an action can be brought by eliminating "the litigation breeding phrase 'in which the claim arose'".* See Federal Courts Study Committee Implementation Act of 1990, H.R.Rep. No. 101–734, 101st Cong. 2nd Sess.1990 64–65, reprinted in 1990 WL 200439 (Leg.Hist.). The amendment also avoids the problem created by the frequent cases in which substantial parts of the underlying events have occurred in several districts. Id. *By the clear language of the amendment and the legislative history, it is evident to the Court that Congress has eliminated many of the venue defenses previously relied upon by defendants.* (emphasis added).

See also, *Joe Hand Promotions, Inc. v. Jerry's Lounge,* Civ. A. No. 91–3901, September 20, 1991, 1991 WL 193444 (E.D.Pa.):

It is clear that the amendment was intended to broaden the possible venues for a *federal question action.* No longer must a court determine the one district in which a cause of action arose. In cases such as this, where a substantial part of the events giving rise to the cause of action occurred in more than one district, venue is proper in either district. (emphasis added).

12. Before the 1966 amendment to this section, a district was proper venue in a diversity case if all plaintiffs *or* all defendants resided in it. The Federal Courts Study Committee recommendations' intended to eliminate the option plaintiffs had in diversity cases to claim venue in the district of their own residence, an option which is not available under subdivision (b), which governs other categories of federal subject matter jurisdiction. Congress clearly removed the plaintiffs' residence venue option from diversity

■ Under 28 U.S.C. § 1391(a), as amended, the plaintiff's residence in a particular judicial district, *standing by itself,* is no longer sufficient to confer venue if the case has no other relation to that forum regardless of the bases for subject matter jurisdiction. Consequently, this court is not the proper forum for this matter to be litigated.

### *Jurisdiction*

■ Parker, Coulter is a Massachusetts partnership. Under the law of the state of Massachusetts, a partnership is not subject to suit.[13]

### *Conclusion*

For the foregoing reasons I recommend that this action be dismissed. This Court is not the proper venue nor is the partnership of Parker, Coulter a proper party to this action.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt.[14] Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the district court.[15]

Nov. 26, 1991.

cases in the 1990 amendments. Diversity plaintiffs must now bring a diversity action where defendants reside *or* where a "substantial part of the events or omissions giving rise to the claim occurred" *or* "where defendants are subject to personal jurisdiction."

**13.** *Byrne v. American Foreign Ins. Ass'n.,* 3 F.R.D. 1, 2 (D.C.Mass.1943); *Shapira v. Budish,* 275 Mass. 120, 175 N.E. 159, 162 (1931); *Gordon v. City of Medford,* 331 Mass. 119, 117 N.E.2d 284, 286 (1954). *See also,* Massachusetts Practice, Civil Practice, Volume 9, § 160:

As to partnerships, also, the general rule is that a partnership is not a legal entity which may sue or be sued as such, but proceedings by and against partnerships must be brought by or against all the partners.
at p. 199.

**14.** Rule 32, Local Rules of Court; Rule 72(b), FRCP.

**15.** *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir.1980); *United States v. Valencia–Copete,* 792 F.2d 4 (1st (Cir.1986).