**KEY INDUSTRIES, INC., Plaintiff,**

v.

**O'DOSKI, SELLERS & CLARK, INC., and Gail Edwin O'Doski, Defendants.**

**Civ. A. No. 94–2196–GTV.**

United States District Court, D. Kansas.

Dec. 9, 1994.

Donald F. Bayer, Roger M. Gibbons, Hoskins, King, McGannon & Hahn, Kansas City, MO, for Key Industries Inc.

Mark A. Wilkerson, Smith, Gill, Fisher & Butts, N. Louise Ellingsworth, Bryan Cave, Robert M. Thompson, Rouse, Hendricks, German, May & Shank, Kansas City, MO, for O'Doski, Sellers & Clark, Inc.

Mark A. Wilkerson, Smith, Gill, Fisher & Butts, N. Louise Ellingsworth, Robert M. Thompson, Rouse, Hendricks, German, May & Shank, Kansas City, MO, for Gail Edwin O'Doski.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

This case is before the court on defendants' motion to dismiss (Doc. 10) based on lack of personal jurisdiction pursuant to Fed. R.Civ.P. 12(b)(2). In the alternative, defendants move to dismiss based on improper venue pursuant to Fed.R.Civ.P. 12(b)(3) and 28 U.S.C. § 1391(a). Plaintiff has responded and opposes the motion. For the reasons stated in this memorandum and order, the motion to dismiss based on lack of personal

jurisdiction or, in the alternative, to dismiss based on improper venue is denied.

## I. Introduction

This is a diversity action brought by plaintiff Key Industries, Inc. (Key) seeking to recover damages for breach of contract, fraudulent misrepresentation, negligence, and for replevin of certain personal property. Key is a Kansas corporation located in Fort Scott, Kansas. Key is engaged in the business of manufacturing work clothes and outerwear which it sells and distributes to retailers and distributors in the United States and abroad.

Defendant O'Doski, Sellers & Associates (OSA) is a Florida sole proprietorship previously operating as a Florida corporation registered as O'Doski, Sellers & Clark, Inc. OSA is an advertising and public relations firm located in Bartow, Florida. Defendant Gail Edwin O'Doski is OSA's sole principal. Defendants OSA and O'Doski move to dismiss for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2).

OSA contends that its conduct does not fall within the scope of any of the enumerated provisions of K.S.A. § 60–308, the Kansas Long Arm Statute, nor are its contacts with the state of Kansas sufficient to support personal jurisdiction consistent with the requirements of due process. The defendant, O'Doski, takes the same position and adds that he is further insulated from personal jurisdiction by the fact that any contacts he had with Kansas were solely in his capacity as OSA's representative.

In the alternative, the defendants move to dismiss based upon improper venue under Fed.R.Civ.P. 12(b)(3). Defendants contend that pursuant to 28 U.S.C. § 1391(a), Kansas is not the proper judicial district for this action because: (1) defendants do not reside in Kansas, (2) a substantial part of the events giving rise to the claim did not occur in Kansas, and (3) defendants are not subject to personal jurisdiction in Kansas.

## II. Background

The facts set forth below are relevant to the court's analysis of the personal jurisdiction and venue issues presented by the defendants in their motion to dismiss.

In May 1993, plaintiff's southeastern regional sales manager, Bucky Edenfield, contacted OSA about the possibility of OSA doing advertising and promotional work for Key. Edenfield's office is located in Lakeland, Florida. Edenfield then arranged a meeting between O'Doski and Michael Hahn, Key's Executive Vice President of Sales and Marketing whose office is located in Fort Scott, Kansas. The meeting took place in or around June 1993 at OSA's office in Bartow, Florida. Hahn and O'Doski discussed Key's advertising and promotional needs, including Key's 1994 product catalog. Hahn invited O'Doski to Key's office in Fort Scott, Kansas to meet Key's president and to further discuss Key's advertising and promotional needs.

After the June meeting but prior to September 1993, Key hired OSA to provide Key with production work on a few small projects. On September 13, 1993, O'Doski met with Key personnel at Key's office in Fort Scott, Kansas to further discuss Key's 1994 catalog.

Following the meeting of September 13, 1993, O'Doski sent to Key at its offices in Fort Scott, Kansas a production estimate dated September 25, 1993. The production estimate was in regard to the cost of preparing, printing, collating and binding Key's 1994 catalog. On October 5, 1993, the production estimate was accepted by Key. Key delivered to OSA from its Fort Scott offices computer cartridges containing the 1993 catalog as well as certain artwork, photographs, product samples, and updated information necessary for OSA to complete the 1994 catalog. Key made payments from its Fort Scott offices to OSA for the smaller projects as well as for the 1994 catalog. OSA sent numerous drafts of the catalog to Key at its offices in Fort Scott, Kansas for review and revision by Key employees.

## III. Standard on a Motion to Dismiss under Rule 12(b)(2)

The standard that governs a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction is well-established:

The plaintiff bears the burden of establishing personal jurisdiction over the defendant. Prior to trial, however, when a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing. The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party.

*Behagen v. Amateur Basketball Ass'n,* 744 F.2d 731, 733 (10th Cir.1984), *cert. denied,* 471 U.S. 1010, 105 S.Ct. 1879, 85 L.Ed.2d 171 (1985) (citations omitted); *see also Williams v. Bowman Livestock Equip. Co.,* 927 F.2d 1128, 1130–31 (10th Cir.1991); *Rambo v. American Southern Ins. Co.,* 839 F.2d 1415, 1417 (10th Cir.1988); *Ten Mile Indus. Park v. Western Plains Serv. Corp.,* 810 F.2d 1518, 1524 (10th Cir.1987).

■ In analyzing a motion to dismiss for lack of jurisdiction, the court must apply a two-part test. First, the court must determine if the defendant's conduct falls within one of the provisions of the forum state's long-arm statute. Second, the court must determine whether the defendant had sufficient minimum contacts with the forum state to satisfy the constitutional guarantee of due process. *Equifax Servs., Inc. v. Hitz,* 905 F.2d 1355, 1357 (10th Cir.1990); *Carrothers Constr. Co. v. Quality Serv. & Supply, Inc.,* 586 F.Supp. 134, 135 (D.Kan.1984).

*IV. Discussion*

■ The applicable provisions of the Kansas long-arm statute provide as follows:

Any person, whether or not a citizen or resident of this state, who in person or through an agent or instrumentality does any of the acts hereinafter enumerated, thereby submits the person and, if an individual, the individual's personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of these acts:

(1) Transaction of any business within this state;

(2) commission of a tortious act within this state; ...

(5) entering into an express or implied contract, by mail or otherwise, with a resident of this state to be performed in whole or in part by either party in this state; ...

K.S.A. § 60–308(b) (Supp.1993). The Kansas long arm statute is liberally construed to assert personal jurisdiction over nonresidents to the full extent permitted by the Due Process Clause of the Fourteenth Amendment. *Equifax,* 905 F.2d at 1357 (quoting *Volt Delta Resources, Inc. v. Devine,* 241 Kan. 775, 740 P.2d 1089, 1092 (1987)).

Defendants argue that the conduct alleged does not fall within any provision of the Kansas long-arm statute and that defendants' contacts with the state are not sufficient to satisfy due process requirements.

In opposition to defendants' motion, the plaintiff has submitted affidavits outlining OSA's and O'Doski's contacts with the state of Kansas. Examples of those contacts include:

1. A visit by O'Doski to Fort Scott, Kansas to meet the president of Key in an effort to obtain future work from the corporation and to discuss the content and format of a catalog project that OSA hoped to undertake on behalf of Key;

2. Placement of work orders by Kansas personnel with the defendant;

3. Payment by Key for projects and the 1994 catalog to OSA and O'Doski.

4. Delivery by OSA to Key personnel in Kansas of a cost estimate for a proposed catalog project;

5. Delivery by Key personnel in Kansas to OSA of computer cartridges containing the 1993 catalog and updated information necessary for completion of the 1994 catalog;

6. Delivery by OSA of completed work product produced on behalf of Key and reviewed by Key personnel in Kansas;

7. Exchanges of catalog drafts between OSA and Key personnel for review and revision.

## A. Personal Jurisdiction over OSA

The above activities clearly support a prima facie case for personal jurisdiction over the defendant OSA. Plaintiff asserts that OSA transacted business in the state because O'Doski traveled to Fort Scott, Kansas in an effort to consummate the deal to print Key's 1994 catalog. Additionally, plaintiff argues that part performance of the contract occurred in Kansas because Key made payments from Kansas to OSA in Florida, OSA sent a production estimate for the 1994 catalog to Key's Kansas office, and numerous drafts of the catalog were exchanged between Key's Kansas office and OSA's Florida office. O'Doski's affidavit in support of defendants' motion directly controverts plaintiff's affidavits on these issues.

■ Because the court must resolve conflicting assertions in the affidavits in favor of plaintiff, the court concludes that defendants' conduct falls within the scope of the Kansas long-arm statute. Plaintiff has met its burden under the first step in the analysis because the activities described in the plaintiff's affidavits satisfy the requirements of the Kansas long-arm statute sections 60–308(b)(1) (OSA transacted business in the state), and (b)(5) (part performance of the contract occurred in Kansas).

Less extensive contact with the forum state has been held to satisfy the Kansas long-arm statute requirements. In *Environmental Ventures, Inc. v. Alda Servs. Corp.*, 19 Kan.App.2d 292, 868 P.2d 540 (1994), the court held that a plaintiff buyer had established that defendant seller's contact with the state was sufficient to find jurisdiction under K.S.A. 60–308(b)(1) or (b)(5). In *Environmental Ventures*, the Kansas buyer had solicited the Texas defendant to sell its aircraft. Defendant's only contact with Kansas included its correspondence from Texas to Kansas consisting of a fax, a letter, and a bill of sale. *Id.* at 298–99, 868 P.2d at 545–46.

In the present case, the conduct alleged in the plaintiff's complaint and its affidavits are clearly sufficient to establish a prima facie case of personal jurisdiction under the Kansas long-arm statute. The court's inquiry is not complete, however, at this point. The court also must determine whether its exercise of jurisdiction over OSA will offend due process.

■ A three-part test is used to determine whether a nonresident's contacts with the forum are sufficient to warrant exercise of personal jurisdiction under constitutional due process requirements. *Taylor v. Phelan*, 912 F.2d 429, 432 (10th Cir.1990), *cert. denied*, 498 U.S. 1068, 111 S.Ct. 786, 112 L.Ed.2d 849 (1991); *Rambo v. American Southern Ins. Co.*, 839 F.2d 1415, 1419 n. 6 (10th Cir.1988). First, the defendant's contacts with the forum state must have been sufficient so that the exercise of personal jurisdiction will not offend traditional notions of fair play and substantial justice. *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Second, the defendant must have purposefully availed itself of the privilege of conducting activities in the forum state, thereby enjoying the benefits and protections of its laws. *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239–40, 2 L.Ed.2d 1283 (1958). Third, the quality and nature of the defendant's contacts must be such that it is reasonable to require the defendant to appear in the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985); *International Shoe*, 326 U.S. at 317, 66 S.Ct. at 158–59. The primary concern of the due process analysis is whether "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World–Wide Volkswagen*, 444 U.S. at 297, 100 S.Ct. at 567.

■ OSA's contacts with Kansas were sufficient to satisfy constitutional due process requirements. OSA availed itself of the benefits and protections of the laws of Kansas when it transacted business with a Kansas corporation, including a visit to Kansas to solicit additional work. "Purposeful availment analysis turns upon whether the defendant's contacts are attributable to his own actions or solely to the actions of the plaintiff.... [and generally] requires ... affirmative conduct by the defendant which allows

or promotes the transaction of business within the forum state." *Rambo v. American Southern Ins. Co.*, 839 F.2d 1415, 1420 (10th Cir.1988) (quoting *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 840 (9th Cir.1986)). The affidavits submitted by the plaintiff support the proposition that OSA affirmatively solicited work from Key, performed work for Key that was reviewed by corporate personnel in Kansas, and accepted payment from the Kansas corporation.

Personal jurisdiction in Kansas has been held to be proper under circumstances involving less contact. In *Carrothers Const. Co. v. Quality Serv. & Supply*, 586 F.Supp. 134 (D.Kan.1984), for example, the court maintained that the defendant could reasonably have anticipated being haled into a court in Kansas "when it entered into a contract with a Kansas corporation, requiring that invoices be sent to the Kansas corporation for payment, and the acceptance of payment from the Kansas corporation." *Id.* at 137.

In *Thermal Insulation Systems v. Ark–Seal Corp.*, 508 F.Supp. 434 (D.Kan.1980), the court found sufficient contacts to meet the due process requirements where the defendant's advertisements appeared in a trade journal and the defendant attempted to repair plaintiff's machine and returned it to Kansas. *Id.* at 443. The court maintained:

> The defendant availed himself of the benefits of the laws of Kansas by soliciting business within the State. [The defendant] stood to gain significant economic advantage from a Kansas resident through this business transaction. In addition, Kansas has a manifest interest in protecting its residents against nonresidents who breach contracts.

*Id.* (citation omitted).

OSA could reasonably foresee and anticipate being haled into court in Kansas. OSA was aware that Key's business was located in Kansas and its representative travelled to the state to conduct business. The court concludes that it may properly assert personal jurisdiction over OSA.

**B. Personal Jurisdiction Over O'Doski**

Defendant O'Doski asserts an additional reason why the court cannot assert personal jurisdiction over him as an individual. O'Doski argues that his contacts with the forum state were only in his corporate or representative capacity and that this shields him from jurisdiction.

O'Doski seeks to assert what is known as the "fiduciary shield" doctrine. In his affidavit, O'Doski states that OSA is now being operated as a sole proprietorship, not as a Florida corporation. The date of this operational change was not provided to the court. If OSA was not a corporation at the time defendants engaged in the actions which form the basis of this suit, then O'Doski cannot claim the protection of the corporate organization. The court will assume that OSA was operated as a corporation during the alleged events for the purposes of resolving the personal jurisdiction issue at this point in the litigation.

■ Under the fiduciary shield doctrine "[w]here the acts of individual principals of a corporation in the jurisdiction were carried out solely in the individuals' corporate or representative capacity, the corporate structure will ordinarily insulate the individuals from the court's jurisdiction." *Ten Mile Indus. Park v. Western Plains Serv.*, 810 F.2d 1518, 1527 (10th Cir.1987) (citations omitted). Jurisdiction over representatives of a corporation must be based on their personal contacts with the forum, and not merely on their capacity as an officer or employee of the corporation. *Id.* "However, if the corporation is not a viable one and the individuals are in fact conducting personal activities and using the corporate form as a shield, a court may feel compelled to pierce the corporate veil and permit assertion of personal jurisdiction over the individuals." *Id.* The court clearly does not have sufficient information at this time to determine whether the corporation was viable. The court may, however, assert jurisdiction over O'Doski for his individual torts committed in the state.

> [T]he Tenth Circuit has accepted the use of the fiduciary shield doctrine for individual corporate officers defending a tort claim where they have no personal con-

tacts, independent of their representative contacts, with the forum and where there is no factual basis to pierce the corporate veil. The decisions do not show, however, whether the Tenth Circuit considers the doctrine to operate as an aspect or factor of due process analysis or as an independent and preclusive principle of equity. Binding Supreme Court precedent casts doubt on the blanket holdings in these Tenth Circuit decisions and explains the limited operation of the fiduciary shield doctrine in determining personal jurisdiction.

*Traffas v. Bridge Capital Corp.*, 1990 WL 251740, at *6 (D.Kan. Dec. 3, 1990). For example, the Supreme Court has stated:

> [W]e today reject the suggestion that employees who act in their official capacity are somehow shielded from suit in their individual capacity. But jurisdiction over an employee does not automatically follow from jurisdiction over the corporation which employs him.... Each defendant's contacts with the forum State must be assessed individually.

*Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n. 13, 104 S.Ct. 1473, 1482 n. 13, 79 L.Ed.2d 790 (1984) (citations omitted).

█ Plaintiff argues that the fiduciary shield doctrine cannot be invoked when plaintiff asserts jurisdiction over defendant O'Doski based upon torts committed by O'Doski himself within the state of Kansas. Plaintiff alleges that defendant O'Doski committed the tort of fraudulent misrepresentation within the state and with full knowledge and appreciation that he was committing tortious and illegal acts. The court concludes that O'Doski cannot use the fiduciary shield doctrine to preclude the court's exercise of jurisdiction over him under the "tortious acts" provision of the Kansas long-arm statute, section 60–308(b)(2). *See e.g., Professional Investors Life Ins. Co. v. Roussel,* 445 F.Supp. 687, 693 (D.Kan.1978) (defendant could not claim protection of fiduciary shield when he transacted business in Kansas with full knowledge he was committing tortious acts); *CEVA Laboratories, Inc. v. Wilson,* 1989 WL 106719, at *2 (D.Kan. Aug. 21, 1989) (fiduciary shield does not apply when

jurisdiction is asserted over defendant for his individual tortious acts). Kansas has a significant interest in protecting Kansas residents from torts committed by nonresident defendants.

Additionally, the court's exercise of jurisdiction over O'Doski does not violate constitutional guarantees of due process. Defendant O'Doski could have reasonably anticipated being haled into court in Kansas. O'Doski travelled to the state to negotiate further work with Key and made representations to Key officials regarding his and OSA's abilities to prepare Key's 1994 catalog. The court concludes that it has personal jurisdiction over defendant O'Doski.

Plaintiff has presented a prima facie case of personal jurisdiction over both defendants at this stage in the litigation. The conduct alleged falls within the enumerated provisions of the Kansas long-arm statute, and the court's exercise of jurisdiction does not offend due process.

## C. Venue

Finally, the court will address the defendants' alternative motion to dismiss under Fed.R.Civ.P. 12(b)(3) and 28 U.S.C. § 1391(a) for improper venue. Section 1391(a) provides as follows:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

█ Venue in Kansas is appropriate under § 1391(a)(2) because a "substantial part of the events or omissions giving rise to the claim occurred" in this judicial district. Section 1391 was amended in 1990. Under the previous statute, venue was proper in the

district "in which the claim arose," and was usually limited to only one judicial district. The revised statute allows for venue in any district in which a substantial part of the events or omissions giving rise to the claim occurred. *Berube v. Brister,* 140 F.R.D. 258, 260 (D.R.I.1992); *D'ull v. Kildeer Leasing Inc.,* 1991 WL 206281, at *1 (S.D.N.Y. Sept. 27, 1991). Thus, venue can be proper in several districts. *Sweed v. Royal Grip, Inc.,* 1994 WL 269290, at *1 (D.N.H. June 16, 1994); Wright, Miller & Cooper, Federal Practice and Procedure § 3806 (Supp.1994) ("Under the amended statute it is now absolutely clear that there can be more than one district in which a substantial part of the events giving rise to the claim occurred.").

Plaintiff clearly alleges that a substantial part of the events giving rise to its claims occurred in Kansas. As discussed above, Key alleges that O'Doski visited its Kansas office in an effort to solicit additional work; Key made payments from Kansas to OSA in Florida; OSA sent a production estimate for the 1994 catalog to Key's Kansas office; and numerous drafts of the catalog were exchanged between Key's Kansas office and OSA's Florida office. The court concludes that venue is proper in Kansas under 28 U.S.C. § 1391(a)(2). Defendants' motion to dismiss for lack of venue is denied.

IT IS, THEREFORE, BY THE COURT ORDERED that Defendants' Motion to Dismiss (Doc. 10) based on lack of personal jurisdiction or, in the alternative, to dismiss based on improper venue is denied.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**