(947 P.2d 49)

No. 76,783

ASPEN PRODUCTS, INC., *Appellant*, v. GLOBAL DISTRIBUTORS, INC., *Appellee*.

Opinion filed October 31, 1997.

*John F. Michaels*, of Alig, Markowitz & Michaels, of Overland Park, for the appellant.

*Jordan E. Clay*, of Fleeson, Gooing, Coulson & Kitch, L.L.C., of Wichita, for the appellee.

Before RULON, P.J., LEWIS, J., and JOHN E. SANDERS, District Judge, assigned.

LEWIS, J.: Plaintiff Aspen Products, Inc., filed this action under chapter 61 to recover approximately $7,000 claimed due and owing to plaintiff by defendant Global Distributors, Inc. The trial court dismissed plaintiff's action, concluding that plaintiff had not established long arm jurisdiction over the nonresident defendant corporation. This appeal followed.

The facts are not in dispute and are based on documentary evidence, including affidavits filed by the presidents of both plaintiff and defendant corporations. As a result, we have de novo review over the trial court's factual determinations. *Kneller v. Federal Land Bank of Wichita*, 247 Kan. 399, 400, 799 P.2d 485 (1990).

Plaintiff's principal place of business is in Lenexa, Kansas. Defendant is an Illinois corporation, whose principal place of business is located in Chicago.

This lawsuit results from an oral agreement between the parties, wherein defendant agreed to buy and plaintiff agreed to sell a certain quantity of paper plates. The paper plates were to be manufactured in Kansas and delivered by plaintiff to defendant at its offices in Chicago. We note that in the past years, these same two parties had engaged in at least four separate contracts involving paper plates.

The plates in question cost $9,412.90. Plaintiff mailed, from Kansas, a billing to defendant for that amount. Defendant responded by sending a partial payment of $2,412.90 to plaintiff's home office in Kansas. This left a principal balance due of $7,000. At some point, the parties fell into a disagreement, and this action was filed.

The question is whether defendant has subjected itself to the long arm jurisdiction of the Kansas courts. K.S.A. 60-308(b) states in relevant part:

"Any person, whether or not a citizen or resident of this state, who in person or through an agent or instrumentality does any of the acts hereinafter enumerated, thereby submits the person . . . to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of these acts:

. . . .

"(5) entering into an express or implied contract, by mail or otherwise, with a resident of this state to be performed in whole or in part by either party in this state."

In determining the issues, the trial court focused on the question of partial performance by defendant. We shall do the same; however, our decision is contrary to that of the trial court. The trial court held that the place the paper plates were to be manufactured was irrelevant, and the fact that they were manufactured in Kansas for delivery to defendant in Illinois did not establish that defendant was subject to the jurisdiction of the Kansas courts. The trial court and defendant rely on the case of *Misco-United Supply, Inc. v. Richards of Rockford, Inc.*, 215 Kan. 849, 528 P.2d 1248 (1974). We find such reliance to have been misplaced.

Factually, *Misco* is a much different case than the one presently under consideration. In *Misco*, the items sold by the Kansas corporation were not manufactured in this state; the sales were arranged by telephone and billed by mail. There was no partial payment of the sale price. We conclude .that because of the factual differences, *Misco* is not controlling in this action..

The decision in *Misco* did establish the general rules for the exercise of long arm jurisdiction:

"The provisions of K.S.A. 1973 Supp. 60-308(*b*)(5), declaring that a nonresident submits his person to the jurisdiction of the courts of this state if he enters into a contract to be performed in whole or in part within the state, reflects a legislative intention to exert judicial jurisdiction over nonresident defendants to the extent permitted by the due process clause of the Fourteenth Amendment; and whether due process is satisfied depends upon the nature and quality of the activities of the defendant, which must be determined on a case by case basis."

"Due process requires that in order to subject a defendant to a judgment *in personam* if he be not present within the forum state, he have certain minimum contacts with it such that maintenance of the suit does not offend traditional notions of fair play and substantial justice."

"If nonresident is to be held subject to the jurisdiction of a state court, there must be shown some act by which the defendant purposely avails itself of the privilege of conducting activities within the state, thus invoking the benefits and protection of its laws." 215 Kan. 849, Syl. ¶¶ 1, 2, and 3.

In dealing with cases of this nature, we are told: "The Kansas long arm statute is *liberally construed* to assert personal jurisdiction over nonresident defendants to the full extent permitted by the due process clause of the Fourteenth Amendment to the U.S. Constitution." (Emphasis added.) *Volt Delta Resources, Inc. v. Devine,* 241 Kan. 775, 777, 740 P.2d 1089 (1987). In *Environmental Ventures, Inc. v. Alda Services Corp.,* 19 Kan. App. 2d 292, 298-99, 868 P.2d 540 (1994), we said: " 'Kansas has a manifest interest in protecting its residents against nonresidents who breach contracts.' "

Our reading of the record leads us to conclude that the agreement was "performed in whole or in part by either party in this state." It is on the basis of partial performance that we hold defendant subject to Kansas long arm jurisdiction.

The paper plates in question were manufactured in Kansas. We would assume they were manufactured in response to the order from defendant. In our opinion, the manufacture of the paper plates in this state is, in and of itself, partial performance of the agreement. This would be true regardless of whether the place of manufacture was important to defendant. The fact is, the parties entered into a contract whereby defendant would buy paper plates from plaintiff. Those paper plates were manufactured in the state of Kansas in order to satisfy the plaintiff's contractual obligations to defendant. It seems clear to us, and we hold, that the manufacture of the paper plates was a partial performance of the agreement and that it was done in this state.

In addition, defendant made a partial payment of the purchase price. We hold that the partial payment of the purchase price constitutes partial performance in the state of Kansas. In each of the four previous contracts between the parties, defendant made payment on the bill to plaintiff in Kansas. " '[W]e must evaluate prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing . . . in determining whether the defendants purposefully established minimum contacts with the forum.' " *Composite Marine Propellers, Inc. v. Vanderwoude*, 741 F. Supp. 873, 877 (D. Kan. 1990). There are other decisions in which it has either been held or inferred that partial payment on an agreement between parties is partial performance under K.S.A. 60-308(b)(5). See *Continental American Corp. v. Camera Controls Corp.*, 692 F.2d 1309 (10th Cir. 1982); *Pehr v. Sunbeam Plastics Corp.*, 874 F. Supp. 317 (D. Kan. 1995); *Environmental Ventures, Inc. v. Alda Services Corp.*, 19 Kan. App. 2d 292.

We hold that two things happened in the dealings between the parties which amounted to a partial performance of the agreement between the parties within the state of Kansas: (1) The paper plates ordered by defendant were manufactured in Kansas for delivery to defendant on the contract in question; and (2) defendant made a partial payment on the agreement between the parties for the purchase of the paper plates.

We hold that defendant has subjected itself to the jurisdiction of the Kansas courts. We reverse the trial court's decision to the contrary and remand the matter for a trial on the merits.

Reversed and remanded.